**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**UNITED STATES OF AMERICA,**

    **v.**                                                       **CRIMINAL NO. 4:06cr97**

**CLINT MANUEL MCVEY,**

        **Defendant.**

**OPINION**

On October 24, 2006, Defendant Clint Manuel McVey pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The court sentenced Defendant on February 7, 2007. At the sentencing hearing, the court denied Defendant's objection to receiving an enhancement pursuant to section 2G2.2(b)(3)(B) of the U.S. Sentencing Guidelines Manual (2006). This Opinion memorializes this ruling from the bench.

**I.  Facts and Procedural History**

On October 27, 2005, an investigator with the Bedford County Sheriff's Office initiated an online Internet session and utilized a computer program to search for any computers in the Virginia area that were distributing child pornography. The investigator found a computer attempting to share a file that contained images of child pornography, and eventually determined that the computer in question belonged to Defendant. At that time, Defendant was enlisted in the United States Army and worked as a watercraft operator at Fort Eustis, Virginia.

On December 16, 2005, Defendant's computer was recovered during a search of his barracks. That same day, Defendant made a sworn statement to investigators. Defendant explained that in June or July of 2005, he began using file-sharing software to download music, pornography, and child pornography.[1] He installed and used a computer program called "LimeWire" as his primary file-sharing software.[2] Defendant noted that he never sent child pornography to anyone over the Internet, but that he knew his file-sharing software allowed other people to upload child pornography from his computer. Defendant claimed that he did not know how to shut off this feature of the software. On February 21, 2006, a forensic analysis of Defendant's computer revealed the presence of various files containing child pornography.

On October 24, 2006, Defendant pled guilty, pursuant to a written plea agreement, to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The probation officer prepared a presentence report on December 14, 2006. The probation officer recommended, inter alia, a five-level enhancement pursuant to section 2G2.2(b)(3)(B) of the U.S. Sentencing Guidelines Manual, reasoning that Defendant's offense involved "[d]istribution for the

---

[1]The parties described the software used by Defendant as "share ware software." However, the term "file-sharing software" is more commonly used to describe the software in question.

[2]The LimeWire user manual, which was introduced into evidence at sentencing, sets forth nine separate steps the user must take to install the LimeWire software. See Gov. Ex. 3 at 5-6; infra at 3.

receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." Defendant objected to this enhancement.

At the sentencing hearing on February 7, 2007, the government introduced a LimeWire user manual into evidence. In addition, the government called an agent of the Federal Bureau of Investigation as a witness, and the agent testified regarding the user manual and other matters. The user manual explains how to install the software and how to obtain files from others. See Gov. Ex. 3. It also explains how files are shared and how to disable the file-sharing feature. Id. at 5, 14. It describes LimeWire as "the most robust application available for file-sharing." Id. at 2.

## II.  Issue

The issue before the court is whether the section 2G2.2(b)(3)(B) enhancement applies when a defendant, as a member of a file-sharing group of computer users, receives child pornography over the Internet and knows that his computer shares it with other members of the file-sharing group.

## III.  Analysis

Section 2G2.2(b)(3)(B) provides for a five-level enhancement where an offense of receipt of child pornography involves "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." The term "distribution" means "any act, including possession with intent to distribute, production, advertisement, and transportation, related

3

to the transfer of material involving the sexual exploitation of a minor." U.S. SENTENCING GUIDELINES MANUAL § 2G2.2 cmt. n.1. Distribution, therefore, includes acts such as "posting material involving the sexual exploitation of a minor on a website for public viewing." Id. The phrase "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" means "any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." Id. "Thing of value" means "anything of valuable consideration." Id.

It is well-settled that the enhancement applies when a defendant exchanges child pornography with another person pursuant to a specific agreement or understanding. See, e.g., United States v. Bender, 290 F.3d 1279, 1286-87 (11th Cir. 2002) (holding that "when a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in 'distribution for the receipt, or expectation of receipt, of a thing of value'"). In addition, courts of appeals have held that the enhancement applies even in the absence of a specific agreement or understanding, as long as "a defendant distributes child pornography in anticipation of, or while reasonably believing in the possibility of, the receipt of a thing of value." United States v. Maneri, 353 F.3d 165, 169 (2d Cir. 2003); see United States v. Oldham, 177 F. App'x

842, 846-47 (10th Cir. 2006) (quoting and applying <u>Maneri</u>).³

In determining whether the enhancement applies in this case, this court must first assess whether Defendant's offense involved "distribution." <u>See</u> U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(3)(B) (listing "distribution" as an element of the enhancement). It is uncontested that Defendant knew that his file-sharing software allowed others to obtain child pornography from his computer. Thus, by installing and using the file-sharing software, Defendant committed acts "related to the transfer of material involving the sexual exploitation of a minor." <u>Id.</u> § 2G2.2 cmt. n.1 (defining "distribution"). Accordingly, Defendant's offense involved distribution. <u>See</u> <u>id.</u>; <u>United States v. Shaffer</u>, No. 06-3145, 2007 WL 10770, at *3-4 (10th Cir. Jan. 3, 2007) (holding that a defendant "distributed" child pornography within the meaning of 18 U.S.C. § 2252A(a)(2) when he used file sharing software and knew that the software allowed other persons to access the child

---

³The enhancement at issue here has been in effect since November 1, 2000. <u>See</u> U.S. SENTENCING GUIDELINES MANUAL § 2.2G(b)(2)(B) (2000). It was set forth in section 2.2G(b)(2)(B) of the U.S. Sentencing Guidelines Manual until November 1, 2004, when it was recodified as section 2.2G(b)(3)(B). <u>See</u> U.S. SENTENCING GUIDELINES MANUAL, supp. to app. C at 42-43, 45-46 (2004). Although the Fourth Circuit has decided several cases involving the enhancement, it has not yet had occasion to discuss the proper interpretation or application of it. <u>See, e.g.</u>, <u>United States v. Guffey</u>, 185 F. App'x 295, 296 (4th Cir. 2006) (mentioning the enhancement, without interpreting or applying it, in a case arising under the 2003 edition of the U.S. Sentencing Guidelines Manual); <u>United States v. Stevens</u>, 167 F. App'x 949, 950 (4th Cir. 2006) (finding a Sixth Amendment violation where the district court applied the section 2.2G(b)(2)(B) enhancement based on facts found by the court).

pornography on his computer).[4]

Having determined that Defendant's offense involved distribution, the court must next address whether the distribution was "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(B). Defendant's distribution was not related to any specific agreement or understanding between Defendant and another person. However, the enhancement may nevertheless apply, as long as Defendant distributed child pornography "in anticipation of, or while reasonably believing in the possibility of, the receipt of a thing of value." Maneri, 353 F.3d at 169.

In the instant case, Defendant installed and used file-sharing software to receive child pornography from others, while knowing that the software allowed other persons to obtain child pornography from his computer. In other words, Defendant knowingly became a

---

[4] At the sentencing hearing, the government argued that if Defendant had wanted to avoid distributing files to others, he could have simply disabled the sharing feature of his software. Defendant countered that he did not know how to disable the sharing feature. The court notes that it is clear from the LimeWire user manual that a user of the software can disable the sharing feature with a few "clicks of the mouse." See Gov. Ex. 3 at 14. However, even assuming for the sake of argument that Defendant did not know how to disable the sharing feature, it is still clear that Defendant distributed child pornography. As noted above, "distribution" is defined broadly to include "any act . . . related to the transfer of material involving the sexual exploitation of a minor." U.S. Sentencing Guidelines Manual § 2G2.2 cmt. n.1. Defendant committed acts falling within this definition when he installed and used the file-sharing software with the knowledge that it allowed others to obtain child pornography from his computer. See supra note 2 and accompanying text.

member of a file-sharing group of computer users that shared child pornography. It is undisputed that the very purpose of belonging to any file-sharing group is to facilitate the receipt of files from others by agreeing to allow other persons access to the files on one's own computer. Thus, when Defendant distributed child pornography by installing and using the file-sharing software, he did so in anticipation of, or with a reasonable belief in the possibility of, the receipt of a thing of value, namely, other child pornography. Accordingly, the court **FINDS** by a preponderance of the evidence that the five-level enhancement pursuant to section 2G2.2(b)(3)(B) applies in this case.

## IV.  Conclusion

For the reasons set forth above, this court **HOLDS** that the five-level enhancement under section 2G2.2(b)(3)(B) of the U.S. Sentencing Guidelines Manual applies when a defendant, as a member of a file-sharing group of computer users, receives child pornography over the Internet while also knowing that his computer shares it with other members of the group. Therefore, the court **DENIES** Defendant's objection to receiving the section 2G2.2(b)(3)(B) enhancement. The Clerk is **DIRECTED** to forward a copy of this Opinion to counsel for both parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith

Norfolk, Virginia

February 27, 2007

<u>nunc</u> <u>pro</u> <u>tunc</u> February 7, 2007